USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: 3/25/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED QUADIR,

                          Plaintiff,

– v. –

NEW YORK STATE DEPARTMENT OF LABOR,

                          Defendant.

No. 13-cv-3327 (JPO)(FM)

**STIPULATION AND ORDER CONCERNING THE DESIGNATION AND USE OF CONFIDENTIAL MATERIALS**

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, as follows:

1. This Confidentiality Stipulation and Order ("Stipulation") shall apply to all information and materials produced or disclosed during the course of the above-captioned action (the "Action"), before or after the execution of this Stipulation, by any party or non-party, including but not limited to information produced or disclosed:

    a. In any pleading, document, affidavit, affirmation, interrogatory answer, response to request for admission, brief, motion, transcript, or any other writing;

    b. In testimony given in a deposition, and any transcripts, copies, or summaries of such testimony; and

    c. Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2. During the course of the Action, including during the course of discovery, either party, through its attorney, may designate as "Confidential" any of the following documents and information produced or provided by the parties or nonparties that the attorney believes in good faith discusses or discloses Confidential Material:

a. All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the NYS Department of Labor ("DOL"), including but not limited to documents reflecting the salary, personal health information, age, race, national origin, sexual orientation or gender of any personnel of DOL, its divisions or departments;

b. All documents and information that relate to any statements, reviews, minutes, discussions, communications, evaluations, deliberations, analyses, votes, or recommendations by or made to any committee or individual who votes, passes upon, reviews, makes recommendations upon, or considers personnel matters at DOL, including but not limited to such matters as evaluations of employee and staff performance, job searches, hiring, appointment and non-reappointment, changes to salary, promotions, terminations, and appeals or challenges to any determinations on such subjects;

c. All documents and information relating to the private, personal, and non-public information of non-parties to the Action;

d. All documents and information concerning complaints or grievances to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of DOL, the New York City Human Rights Commission, the New York State Division of Human Rights, the New York State Unemployment Insurance Appeal

Board, or the United States Equal Employment Opportunity Commission, relating to allegations of discrimination at DOL;

e. All documents and information concerning any lawsuit filed against DOL and/or its agents or employees, divisions or departments;

f. All documents and information containing personal health information of any party hereto, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or non-party pursuant to any Authorization to Release Medical Records executed by the Plaintiff in the Action;

g. All documents and information containing mental health information of any party hereto, including but not limited to documents and information covered by the HIPAA and records disclosed by a party or non-party pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in the Action;

h. Any documents and information which counsel for all parties agree should be considered Confidential Material; and

i. Testimony about the documents and information covered by Paragraph 2(a)-(h).

3. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation.

4. Any party producing confidential materials described in Paragraph 2 of this Stipulation ("the Producing Party") may designate such materials as Confidential Material by

3

marking the document with the word "Confidential." So-marked documents and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Stipulation. A Confidentiality designation by one party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this Stipulation. Each party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality in whole or part of any document or information.

5. Any party, through its attorney, may designate as Confidential Material any deposition testimony that the attorney believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by notice within 30 days from the receipt of the transcript. The deposition transcript shall be treated as Confidential until 30 days after the court reporter sends the deposition transcript to the parties or the deponent. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all parties in possession of the deposition transcript shall be required to mark the designated pages as Confidential on all copies of the transcript and treat those pages of the transcript confidentially pursuant to this Stipulation.

6. In the event that any party obtains documents or information from a party or non-party that it believes is confidential, any party may designate such information as Confidential Material pursuant to this Stipulation and it shall be treated as such in accordance with this Stipulation.

7.  Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material:

   a.  shall be used solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in the Action, and any appeal of a decision, ruling or judgment therein, and not for any other purpose, including in any other actions or claims asserted by the Plaintiff or any other person against the Defendant; and

   b.  may be disclosed only to:

      (1)  counsel representing the Parties, including but not limited to in-house counsel at the NYS Department of Labor Office of General Counsel, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of the Action;

      (2)  the individual Parties to this action and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the Action;

      (3)  the Parties' experts and consultants, as necessary for the conduct of this litigation in accordance with the procedures set forth in paragraph 6 of this Stipulation;

      (4)  for purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or

5

        potential witness who authored or otherwise had access to and familiarity with the document or information at the time of its original creation, use, or receipt, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates, in accordance with the procedures set forth in paragraph 8 of this Stipulation;

    (5)    any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraph 8 of this Stipulation;

    (6)    court reporters, as necessary for the conduct of this litigation; and

    (7)    the Court and personnel employed by the Court.

    8.    Prior to the disclosure of any Confidential Material to a person identified in subparagraphs 7(b)(3), (4) or (5), who is not also identified in another subparagraph of paragraph 7, counsel for the party proposing to make such disclosure shall ensure that a copy of this Stipulation has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulation and consent to the Court's jurisdiction for the purpose of enforcing this Stipulation in the form of the Non-Disclosure Agreement annexed hereto as **Exhibit A**. Counsel of record shall maintain a list of the names of all persons to whom such materials or information is disclosed and such list shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause.

    9.    All Confidential Material shall be maintained by the parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7 and only pursuant to the procedures in Paragraph 10.

6

10. No Confidential Material shall be filed in the record of this action or with the Court except as follows:

a. If a party uses Confidential Material in a pleading, motion, or other submission filed with the Court, the party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the judge with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome for the Court, the filing party may request an order from the Court directing the sealing of the Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the party seeking such order or otherwise prejudice the party's rights.

b. If a party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court.

7

11. The disclosure of Confidential Material or documents without the "Confidential" designation shall not be deemed a waiver of confidentiality by the Producing Party, either as to the specific information disclosed or as to any other information on the same or related subject matter. The disclosure of Confidential Material and/or documents may be corrected by providing supplemental written notice to the Receiving Party. Thereafter, the disclosed item or information shall be treated as Confidential Material.

12. If any party receiving material marked Confidential objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential. If the producing party does not make such a request within seven (7) days of the receipt of the other party's written objection, the issue will be deemed waived by the producing party and said material will not be deemed Confidential. The parties will maintain said material as Confidential in accordance with this stipulation pending a determination by the court of the producing party's request.

13. This Stipulation does not preclude a party from raising or preserving objections to discovery and does not waive any party's right to assert attorney-client, attorney work product, or any other privilege or protection.

14. This Stipulation does not require production of documents as to which objections or privileges apply.

15. The attorney-client privilege or work-product protection shall not be waived by a disclosure in connection with this litigation and such disclosure shall not constitute a waiver in any other Federal or State proceeding.

16. All information obtained in discovery in this litigation, regardless of whether it is designated as Confidential Material, shall be used by the Receiving Party solely for the

Case 1:13-cv-03327-JPO-FM Document 85-1 Filed 03/23/15 Page 9 of 13

prosecution or defense of the claims and affirmative defenses in this litigation, and shall not be used by the Receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose.

17. Nothing in this Stipulation shall be construed to limit, modify, or interfere in any manner with:

    a. the disclosure obligations of the NYS Department of Labor under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

    b. the interpretation, application, and implementation by DOL, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

    c. DOL's or its employees' or officials' use in the ordinary course of business and as permitted by law outside of the Action of documents and information designated as Confidential in this action that they legally have in their possession and which were not received through discovery in this action or through releases or authorizations signed by Plaintiff; or

    d. any Producing Party's use of its own Confidential Material.

18. If any party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another party and designated as Confidential, the party so requested shall give immediate written notice to the party that has designated such material as Confidential (the "Designating Party") of such subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or

other notice on grounds of confidentiality. In no event shall production or disclosure be made before reasonable notice is given to the Designating Party.

19. Within 30 days of the final conclusion of the Action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, they may be destroyed (as by shredding) and the destruction of all such documents (except those returned) promptly certified by the Receiving Party, who shall notify the Producing Party in writing promptly of such destruction. However, counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein.

20. The parties reserve the right to seek modification of this Stipulation by application to the Court for good cause shown.

Dated: New York, New York
March 20, 2015

PRESTON & WILKINS LLC
<u>Attorneys for Plaintiff</u>
By:

Gregory Preston, Esq. /BAS
3000 Hempstead Turnpike, Suite 317
Levittown, NY 11756
(212) 809-5808

Bernadette A. Smith, Esq.
Law Offices of Bernadette A. Smith
11 Broadway, Suite 615
New York, NY 10006
(212) 809-3154

ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
<u>Attorney for Defendant</u>
By:

Michael Siudzinski, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8552

*This stipulation and order does not bind either Judge Oetken or me, and we reserve the right to modify its terms as we see fit.*

SO ORDERED:
Dated: 3/24 , 2015

Hon. _____
Southern District of New York

11

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED QUADIR,<br><br>                                  Plaintiff,<br><br>          – v. –<br><br>NEW YORK STATE DEPARTMENT OF LABOR,<br><br>                                Defendant. | No. 13-cv-3327 (JPO)(FM)<br><br>**NON-DISCLOSURE AGREEMENT** |

      I, _____, the undersigned, hereby certify that I have read and understood the Joint Stipulation and Order Concerning the Designation and Use of Confidential Materials entered in this action, and I hereby agree to abide by its terms and conditions. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Stipulation and Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

Dated: _____


_____
Signature


_____
Name (Printed)


Sworn to before me this ____ day
of _____, 20__


_____
NOTARY PUBLIC

13